## ZIGALNITSKY v. UNITED STATES.
### No. 78, Docket 20754.

Circuit Court of Appeals, Second Circuit.

Dec. 4, 1947.

Proceeding in the matter of the petition of Leib Evsei Zigalnitsky for naturalization. From order denying petition for naturalization 72 F.Supp. 987, the petitioner appeals.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

Gunther Jacobson, of New York City, for appellant.

John F. Ryan and John F. X. McGohey, U. S. Atty. for Southern District of New York, both of New York City, for appellee.

L. HAND, Circuit Judge.

Zigalnitsky appeals from an order denying his petition for naturalization, and the case turns upon the meaning of §§ 331, 332 and 347(a) of the Nationality Act of 1940.[1] The facts are as follows. He filed a "declaration of intention" on July 15, 1938, very shortly after his admission to permanent residence; but, since he was caught in Shanghai when war broke out between Japan and ourselves, he was not able to file a petition for naturalization until October 23, 1946, more than eight years after he had filed the declaration. In 1938, although the statute [2] required no more than that the alien should file his declaration "two years at least prior to his admission," it prescribed that his petition should be filed "not less than two years nor more than seven years after he has made such declaration." [3] The Nationality Act amended the "declaration section" [4] so that the declaration had to be filed "not less than two nor more than seven years at least" before the petition; it also amended the "petition section" [5] so as to allow the petition to be filed "not less than two nor more than ten years after" the declaration. This strange anomaly apparently arose as follows. The President had appointed a committee to revise the nationality laws, which recommended to the House that the time within which the petition might be filed after the declaration, should be extended from seven to ten years. This change the committee

---

[1] §§ 731, 732 and 747(a), Title 8 U.S. C.A.

[2] Act March 4, 1929, § 1, 45 Stat. 1545.

[3] Act June 29, 1906, § 4, subd. 2, 34 Stat. 597.

[4] § 731, Title 8 U.S.C.A.

[5] § 732, Title 8 U.S.C.A.

put in the "petition section"; but it left the "declaration section" untouched. The House did not accede to the change; it wished the interval to remain at seven years; and to accomplish this it amended the "declaration section" as we have said—incidentally leaving the words, "at least," which then became meaningless. However, it failed to make any corresponding change in the "petition section," and it passed both sections in that form, nobody noticing the conflict. When the bill reached the Senate, it too passed both sections as they stood, again without observing that they clashed; and so the statute has stood ever since, in spite of a later effort to harmonize the sections.

Thus, if Zigalnitsky's declaration had been filed after the Nationality Act of 1940 went into effect—January 13, 1941—and seven years had elapsed before the petition was filed, we should have been faced with a troublesome question of statutory construction, one which, however, as it turns out, we need not decide, for the following reason. Since the declaration was filed in 1938, the time had not expired on January 13, 1941, within which it would support a petition for naturalization under both the "declaration section," and the "petition section," either as they had stood, or as the new act had amended them. The question before us may therefore be narrowed to whether the "declaration section," as amended, put an end to the declaration seven years after it was filed: i.e. on July 15, 1945; and we will assume arguendo that it would have done so except for the "Saving clauses" section of the Nationality Act.[6] That section provided that a number of sections of the act—the "declaration section" among them—should not be "construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid" when the act went into effect. Therefore, since the declaration of July 15, 1938, was on January 13, 1941 still "valid" to support a petition, the result turns upon what was comprehended in its preserved "validity." None of the old sections had expressly

limited the "validity" of a declaration; but the "petition section" had impliedly done so, by setting a term to the period within which a petition must be filed. That implied limitation was extended to ten years by the new act; so that there could be no doubt that the declaration was "valid" to support it, had there been no change in the "declaration section." Since the new act[7] provided that this section should not "affect" any "declaration of intention," the situation is precisely the same, pro hac vice, as though the "declaration section" had never been amended.

Order reversed; petition granted.